IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:08-CV-165-D

| | | |
|---|---|---|
| LEONARD J. BAGGETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

On December 31, 2008, Magistrate Judge Gates issued a Memorandum and Recommendation ("M&R") [D.E. 24]. In that M&R, Judge Gates recommended that plaintiff's motion for judgment on the pleadings be denied, that defendant's motion for judgment on the pleadings be granted, and that defendant's final decision denying the request for benefits be affirmed. On January 9, 2009, plaintiff filed objections to the M&R [D.E. 26]. On January 22, 2009, defendant filed a response to plaintiff's objections [D.E. 29].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (alteration in original) (emphasis removed) (quotation omitted). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Id. (quotation omitted).

The court has reviewed the M&R, the record, and plaintiff's objections. As for those portions of the M&R to which plaintiff made no objection, the court is satisfied that there is no clear error on the face of the record.

The court has reviewed de novo the portions of the M&R to which plaintiff objected. First, plaintiff objects that the Administrative Law Judge ("ALJ") erred in not obtaining specific vocational expert ("VE") testimony concerning the relationship between plaintiff's pain and his ability to work. Cf. Tr. 214–16 (VE testimony). Although plaintiff did not make this argument to Magistrate Judge Gates and failed to ask the VE any questions when the VE testified, the court must consider the objection. See United States v. George, 971 F.2d 1113, 1117–18 (4th Cir. 1992). In light of the record, the ALJ did not have to obtain VE testimony concerning the relationship between plaintiff's pain and his ability to work. See, e.g., Rogers v. Barnhart, 204 F. Supp. 2d 885, 895–96 (W.D.N.C. 2002). Thus, the court overrules plaintiff's first objection.

Second, plaintiff argues that substantial evidence does not support the Commissioner's decision. The argument is baseless and merits no further discussion beyond Judge Gates' analysis in the M&R.

Accordingly, the court adopts the M&R [D.E. 24]. Plaintiff's motion for judgment on the pleadings [D.E. 17] is DENIED, and defendant's motion for judgment on the pleadings [D.E. 18] is GRANTED. Defendant's final decision is AFFIRMED, and this action is DISMISSED. The Clerk is directed to close the case.

SO ORDERED. This 20 day of May 2009.

JAMES C. DEVER III
United States District Judge